Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VI

| SINGH, LLC<br><br>Apelante<br><br>v.<br><br>MARIE LUCIE VICTOIRE, JOSÉ E. ASENCIO QUILES<br><br>Apelados | KLAN202400863 | *APELACIÓN* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso número: SJ2023CV03210<br><br>Sobre:<br>Daños y Perjuicios; Apropiación Ilegal de Dinero; Enriquecimiento Injusto |
|---|---|---|

Panel integrado por su presidenta, la jueza Ortiz Flores, la juez Aldebol Mora y la jueza Boria Vizcarrondo.

Aldebol Mora, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 22 de noviembre de 2024.

Comparece la parte apelante, Singh, LLC, y nos solicita que revoquemos la *Sentencia Parcial* emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan, el 10 de julio de 2024, notificada al día siguiente. Mediante dicho dictamen, el foro primario declaró Ha Lugar la solicitud de desestimación promovida por la parte apelada, el licenciado José E. Asencio Quiles. En consecuencia, el foro apelado desestimó con perjuicio la demanda de epígrafe en cuanto a dicha parte. A su vez, le impuso a la parte apelante el pago de honorarios por temeridad.

Por los fundamentos que exponemos a continuación, se confirma el dictamen apelado.

**I**

El 14 de abril de 2023, Singh, LLC (Singh, negocio, compañía, entidad o apelante) incoó una *Demanda* sobre daños y perjuicios, apropiación ilegal y enriquecimiento injusto en contra del licenciado

José E. Asencio Quiles (Asencio Quiles o apelado), Rina Biaggi García (Biaggi García),[1] el Bufete Asencio Biaggi (Bufete)[2] y Marie Lucie Victoire (Victoire o apelada).[3] Relató que Victoire estuvo casada con Parminder Singh y participaba en los negocios de este durante su matrimonio, por lo que estaba autorizada para emitir pagos ordinarios de los gastos del negocio. Según adujo, luego del comienzo de los procedimientos de divorcio, Victoire conservó el acceso a las cuentas de unas propiedades de Singh que figuraban en la aplicación Airbnb. Alegó que, alrededor de mayo de 2017, sin autorización para ello, Victoire emitió un cheque a nombre del licenciado Asencio Quiles por $2,800.00, con fondos de la cuenta de negocios de Singh. Sobre ello, especificó que el cheque fue depositado en la cuenta de banco del Bufete. En otras palabras, planteó que Victoire, sin autorización, y a escondidas, desvió fondos de la compañía para fines personales; en específico, para el pago de los servicios del licenciado Asencio Quiles y la licenciada Biaggi García, junto con el Bufete que ambos manejan.

En cuanto a lo anterior, Singh sostuvo que se trataba de un empobrecimiento de los fondos pertenecientes al negocio, por lo que se constituyó un enriquecimiento injusto por parte del licenciado Asencio Quiles, la licenciada Biaggi García y el Bufete por la cantidad desviada por Victoire. A su vez, alegó que la conducta negligente y culposa de todos los demandados, consistente en

---

[1] Es preciso señalar que, el 5 de octubre de 2023, Singh presentó una petición de desistimiento sin perjuicio de su reclamación en contra de Rina Biaggi García. Atendida la moción, al día siguiente, el Tribunal de Primera Instancia emitió y notificó una *Sentencia Parcial* en la cual acogió la solicitud y archivó sin perjuicio la acción en contra de Rina Biaggi García. Véase, Entradas Núm. 40 y 41 del Caso Núm. SJ2023CV03210 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).

[2] Cabe destacar que, el 17 de julio de 2023, Singh desistió sin perjuicio de su reclamación en contra del Bufete Asencio Biaggi. En atención a ello, el 3 de agosto de 2023, el foro primario emitió y notificó una *Sentencia Parcial* mediante la cual acogió la petición de Singh y ordenó el archivo sin perjuicio de la acción de epígrafe únicamente en cuanto al Bufete Asencio Biaggi. Véase, Entradas Núm. 19 y 22 del Caso Núm. SJ2023CV03210 en el SUMAC.

[3] Apéndice del recurso, págs. 109-114. El 18 de agosto de 2023, Marie Lucie Victoire presentó su alegación responsiva. Véase, Apéndice del recurso, págs. 52-59.

transferir y apropiarse ilegalmente de fondos pertenecientes a Singh, constituía un ejercicio impropio de dominio y control sobre la propiedad de este. Por tanto, solicitó que los licenciados o el Bufete le devolvieran el valor del cheque depositado.

Por otro lado, Singh arguyó en la acción de epígrafe que, durante el mes de julio de 2022, a instancias y en común acuerdo con las otras partes demandadas, Victoire borró, de manera culposa y negligente, unas cuentas de Airbnb de las propiedades pertenecientes a Singh, las cuales permanecieron inhabilitadas hasta noviembre del mismo año. Argumentó que la inhabilitación de las propiedades para renta a corto plazo de manera culposa, y la subsiguiente destrucción maliciosa de las cuentas en línea, representaron daños ascendentes a $46,030.00.

Posteriormente, el 2 de mayo de 2023, Singh enmendó su *Demanda*.[4] Ello, a los únicos efectos de aclarar que Victoire realizó funciones como empleada en negocios de Singh y, a su vez, para especificar que el licenciado Asencio Quiles y la licenciada Biaggi García, junto al Bufete que manejan, eran los abogados personales de Victoire.

No obstante, una semana después, Singh sometió una *Segunda Demanda Enmendada*.[5] En esencia, lo único que añadió fue reiterar que Singh no tenía relación alguna con los licenciados, ni con el Bufete.

Así las cosas, el 15 de agosto de 2023, el licenciado Asencio Quiles instó una *Moción de Desestimación*, al amparo de la Regla 10.2(5) de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2(5).[6] En esencia, alegó que Parminder Singh, a través de su compañía, buscaba perseguir, castigar e intimidar a su exesposa Victoire por

---

[4] Apéndice del recurso, págs. 93-98.
[5] Íd., págs. 77-82.
[6] Íd., págs. 60-71.

haber utilizado dinero producido en su matrimonio, por su propio esfuerzo, para obtener una adecuada representación legal en otro caso sobre liquidación de bienes. En ese sentido, indicó que cualquier reclamo que pudiera tener Parminder Singh en contra de quien era su esposa, lo podía manejar en el pleito de liquidación de bienes y no en el caso de epígrafe, ni en contra de quien es la representación legal de Victoire en dicho caso. Aclaró que fue contratado por Victoire en mayo de 2022 para fungir como su representante legal en un caso de divorcio y liquidación de bienes post-gananciales en contra de Parminder Singh. Especificó que, este último, era esposo de Victoire y es el presidente de la entidad Singh. Explicó que, en el pleito de liquidación de bienes (Caso Núm. SJ2022CV09032), se estaba dilucidando la controversia sobre el interés o la participación que pudiera tener Victoire en los bienes adquiridos durante el matrimonio con Parminder Singh, lo cual incluía la participación de Victoire en la compañía.

Según adujo el licenciado Asencio Quiles en su petitorio de desestimación, el pago de $2,800.00 fue realizado por Victoire mientras era esposa de Parminder Singh, cuando aún estaba autorizada en la cuenta bancaria mediante la cual se giró el cheque en cuestión, por lo que existía plena potestad para esta emitirlo. Arguyó que, siendo el cheque una mera orden de pago, y al existir una relación contractual entre Victoire y el abogado compareciente, la cual requería el pago que esta hizo, no se configuraba una apropiación indebida de un instrumento, según propuesto por Singh en la demanda. Añadió que Singh no podía exigir la cuantía pagadera en el instrumento en conjunto a compensaciones adicionales. Indicó que cualquier reclamo que pudiera tener el presidente de Singh en contra de quien era su esposa por transacciones que esta supuestamente haya realizado y que él alegadamente no estaba de acuerdo, correspondía hacerlas en el

caso de liquidación de bienes que se encontraba pendiente de adjudicación.

En cuanto a las alegaciones sobre la aplicación de Airbnb, el licenciado Asencio Quiles planteó que no podía defenderse o argumentar al respecto debido a que, para hacerlo, tendría que divulgar información privilegiada. En esencia, señaló que dicha causa de acción descansaba en una alegada relación de negocios entre el abogado y Victoire, más allá de la relación abogado cliente, lo cual era falso y antiético. Argumentó que, al no existir una relación de negocios entre Victoire y él, no podía entonces existir un reclamo por los actos que pudo o no haber realizado Victoire en cualquier asunto que tuviera que ver con Singh. Abundó que las actuaciones de una parte que tenía representación legal no podían atribuírsele al abogado que la representaba. Sobre ese particular, destacó que existía insuficiencia en esa alegación para la concesión de un remedio ya que, de resultar cierto, el abogado no fue quien lo llevó a cabo ni participó en este. Por otro lado, particularizó que el presidente de Singh había presentado ante el Tribunal Supremo de Puerto Rico una queja infundada en la que incluyó como evidencia copia del pago objeto del presente caso, como una estrategia para perseguirlo maliciosamente, molestarlo y tratar de intimidarlo. Aclaró que dicha queja fue evaluada por el mencionado Foro y archivada. En vista de ello, solicitó la desestimación de la acción de epígrafe y la imposición de severas sanciones, así como la imposición de honorarios de abogado por temeridad.

Por su parte, el 18 de septiembre de 2023, Singh se opuso.[7] En síntesis, arguyó que la demanda era específica al relatar que, en o alrededor del 17 de mayo de 2022, Victoire giró un cheque de la cuenta de Singh a favor del licenciado Asencio Quiles, por la

---

[7] Apéndice del recurso, 42-48.

cantidad de $2,800.00, el cual fue depositado en la cuenta bancaria del Bufete. Igualmente, añadió que la demanda era clara al hacer la salvedad de que, a pesar de que Victoire estaba autorizada a firmar cheques a nombre de Singh, dicha autorización estaba limitada a asuntos relacionados con la compañía; es decir, no estaba autorizada a hacerlo para sufragar gastos personales, por lo que el pago al licenciado Asencio Quiles no estaba autorizado. Aclaró que la parte demandante en el caso no era Parminder Singh, sino la compañía de responsabilidad limitada Singh, la cual tenía personalidad jurídica propia y separada, por lo que era absurdo que la entidad hiciera sus planteamientos en el caso de divorcio entre Victoire y Parminder Singh. Por tanto, adujo que las alegaciones contenidas en la demanda, al darse por ciertas e interpretarse liberalmente a su favor, configuraban un enriquecimiento injusto.

De igual forma, Singh sostuvo que también se configuró la apropiación ilegal, pues Victoire no estaba autorizada para usar los fondos de la compañía para sufragar sus intereses personales. Arguyó que el licenciado Asencio Quiles y la licenciada Biaggi García, miembros del Bufete, se apropiaron ilegalmente del cheque en controversia, pues era evidente que pertenecía a Singh y no a su clienta Victoire. Asimismo, alegó que la reclamación en daños y perjuicios también se configuró, si se daban por ciertas las alegaciones de la demanda y se interpretaban a su favor, estas daban paso a la indemnización de daños y perjuicios por la ganancia dejada de obtener. De otro lado, planteó que el licenciado Asencio Quiles no demostró que Singh no tenía derecho a remedio alguno, por lo cual su moción de desestimación no cumplía con los criterios para ser concedida.

Pendiente lo anterior, el 15 de abril de 2024, Victoire presentó una *Moción Uniendo Solicitud Confidencial y Anejo*.[8] En ella, especificó que había radicado como anejos una moción confidencial y otro documento. En particular, solicitó que se tomara conocimiento de ellos y que fueran conservados en estricta confidencialidad.

En respuesta, el 3 de mayo de 2024, Singh se opuso.[9] En síntesis, hizo referencia específica a los documentos presentados por Victoire y esbozó las razones por las cuales entendía que no se debía mantener la confidencialidad de estos. Por su parte, el 8 de mayo de 2024, Victoire replicó.[10]

Evaluadas las posturas de las partes sobre la solicitud de desestimación, el 10 de julio de 2024, notificada al día siguiente, el Tribunal de Primera Instancia emitió la *Sentencia Parcial* que nos ocupa, mediante la cual declaró Ha Lugar la solicitud de desestimación promovida por el licenciado Asencio Quiles.[11] En su consecuencia, desestimó con perjuicio la demanda de epígrafe en cuanto a dicha parte. En particular, tomando como ciertas las alegaciones de la demanda, el foro primario concluyó que la acción de epígrafe no exponía una causa de acción que justificara la concesión de un remedio en contra del licenciado Asencio Quiles. Explicó que, según las propias alegaciones de la demanda, Victoire estaba autorizada como firmante en la cuenta de Singh y estaba autorizada para emitir pagos ordinarios de los gastos del negocio, los cuales realizaba con regularidad. Añadió que si el pago realizado al licenciado Asencio Quiles mediante el cheque de la cuenta de la compañía fue o no un gasto ordinario de la entidad, o un gasto que Victoire estaba o no autorizada a incurrir, era una controversia cuya

---

[8] Apéndice del recurso, pág. 35.
[9] Entrada Núm. 58 del Caso Núm. SJ2023CV03210 en el SUMAC.
[10] Entrada Núm. 59 del Caso Núm. SJ2023CV03210 en el SUMAC.
[11] Apéndice del recurso, págs. 26-33.

resolución no tenía como consecuencia la concesión de un remedio contra el licenciado Asencio Quiles. Concluyó que el receptor de dichos fondos, en este caso el licenciado Asencio Quiles, no tenía responsabilidad alguna frente a la corporación, ni incurrió en enriquecimiento injusto ni apropiación ilegal.

En cuanto a las otras alegaciones relacionadas a la eliminación de las cuentas de Airbnb de algunas propiedades de Singh y la imputada responsabilidad del licenciado Asencio Quiles, el foro *a quo* entendió que estas alegaciones eran insuficientes para permitir que prosiguiera la demanda en su contra. Explicó que en la acción de epígrafe no se alegaba que el licenciado Asencio Quiles realizara algún trámite específico con las cuentas del negocio, ni la plataforma de Airbnb, ni la administración de las propiedades. Particularizó que la única imputación contra el licenciado Asencio Quiles giraba en torno al recibo del cheque como pago por parte de su clienta Victoire y en cuanto al posible asesoramiento brindado por este en el contexto de una relación abogado cliente.

El foro juzgador expresó que, aun cuando Singh conocía sobre la existencia de diversos procesos en los que el licenciado Asencio Quiles representaba a Victoire, y según la naturaleza de las alegaciones y documentos que surgían del expediente judicial, era forzoso concluir que la inclusión del abogado en el presente caso no tenía otro propósito que no fuera interferir con la relación abogado cliente. Abundó que, en el transcurso del pleito de epígrafe, Singh y su presidente habían realizado imputaciones serias en contra del licenciado Asencio Quiles, a sabiendas de que no procedía inmiscuirse en la relación abogado cliente. Indicó que el asunto del cheque fue llevado a la atención de nuestro más Alto Foro como parte de la queja y, a la fecha de la presentación de la demanda de epígrafe, ya el Tribunal Supremo había archivado la queja relacionada a la conducta profesional de los abogados de Victoire.

Señaló que, aun así, Singh insistió en incluir al licenciado Asencio Quiles como codemandado en la reclamación de autos. En ese sentido, el foro sentenciador expuso que, evaluadas las reclamaciones en contra del licenciado Asencio Quiles, así como el contexto litigioso en el que se habían dado, le parecían altamente frívolas y temerarias, por lo que le impuso a Singh el pago de $2,500.00 por concepto de honorarios por temeridad por haber insistido en una reclamación frívola contra el licenciado Asencio Quiles.

En cuanto a la solicitud de confidencialidad, el 10 de julio de 2024, notificada al día siguiente, el foro apelado emitió una *Orden* mediante la cual declaró No Ha Lugar la moción por académica.[12] En lo pertinente, advirtió que, en el futuro, las partes se abstendrán de discutir, copiar o hacer referencia directa en mociones sujetas al examen público del expediente a asuntos contenidos en anejos o documentos marcados como confidencial sin la autorización del tribunal, so pena de sanciones. Aclaró que ello de ninguna manera limitaba ni impedía que cada parte defendiera sus derechos vigorosamente, según correspondía, mediante la presentación de sus escritos, mas no podía pasar por alto el hecho de que Singh, sin autorización, esencialmente transcribió el contenido de los documentos marcados como confidenciales y se arrogó la facultad que tiene únicamente el tribunal de levantar la confidencialidad de un anejo.

En desacuerdo, el 29 de julio de 2024, Singh presentó una *Moción en Reconsideración a Sentencia Parcial,*[13] a la cual Asencio Quiles se opuso el 16 de agosto del mismo año.[14] Atendidas las mociones, el 19 de agosto de 2024, notificada el 21 del mismo mes

---

[12] Entrada Núm. 65 del Caso Núm. SJ2023CV03210 en el SUMAC.
[13] Apéndice del recurso, págs. 3-14.
[14] Íd., págs. 15-19.

y año, el foro *a quo* declaró No Ha Lugar la solicitud de reconsideración.[15]

Inconforme, el 20 de septiembre de 2024, la parte apelante acudió ante esta Curia mediante el recurso de epígrafe y señaló los siguientes errores:

> El TPI erró al desestimar la causa de acción presentada por Singh[,] LLC [en] contra [d]el Lcdo. José E. Asencio Quiles[,] tras concluir que las alegaciones no exponen una reclamación que justifique la concesión de un remedio, sin observar el estándar de prueba aplicable a las mociones de desestimación presentadas al amparo de la Regla 10.2 (5) de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2.

> El TPI erró al imponer a Singh[,] LLC honorarios por temeridad.

> El TPI erró al ignorar la petición de Singh[,] LLC a los efectos de que aclare qué información es confidencial en el caso de epígrafe.

En cumplimiento con nuestra *Resolución* del 25 de septiembre de 2024, y luego de concedida una prórroga a esos efectos, la parte apelada compareció mediante *Alegato en Oposición a Apelación* el 4 de noviembre del mismo año.

Con el beneficio de la comparecencia de las partes, procedemos a resolver.

## II

## A

Sabido es que el propósito de las alegaciones es notificarle de forma general a la parte demandada cuáles son las reclamaciones en su contra para que pueda comparecer a defenderse si así lo desea. *Eagle Security v. Efrón Dorado et al.*, 211 DPR 70 (2023). A tenor con ello, al analizar una solicitud de desestimación, los tribunales deben tener presente que la Regla 6.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 6.1, solo exige que las alegaciones contengan una relación sucinta y sencilla de los hechos

---

[15] Apéndice del recurso, pág. 1.

demostrativos de que la parte peticionaria tiene derecho a un remedio. *Rivera Candela y otra v. Universal Insurance Company*, 2024 TSPR 99, resuelto el 11 de septiembre de 2024; *Eagle Security v. Efrón Dorado et al.*, supra.

Ahora bien, en el ámbito federal, el Tribunal Supremo de los Estados Unidos tuvo ocasión de interpretar la contraparte federal de nuestra Regla 6.1, la Regla 8(a) de Procedimiento Civil Federal, al resolver *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), y *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Por medio de los citados casos, el Alto Foro federal incorporó la plausibilidad como criterio de desestimación. Dicho parámetro exhorta a los tribunales de instancia a eliminar de la demanda aquellas alegaciones conclusorias que no deben presumirse como ciertas. R. Hernández Colón, *Práctica Jurídica de Puerto Rico, Derecho Procesal Civil*, 6ta ed., Ed. Lexis Nexis, 2017, sec. 2604, pág. 307. De esta manera, el foro sentenciador estará en posición de auscultar si las alegaciones bien fundamentadas establecen una reclamación plausible, "que justifique que el demandante tiene derecho a un remedio, guiado en su análisis por la experiencia y el sentido común". *Íd.* Incumplido el criterio de plausibilidad, procede desestimar la demanda e impedir que la causa de acción prosiga bajo el supuesto de que en el descubrimiento de prueba se probarán las alegaciones conclusorias. *Íd.* Ello "persigue una mayor precisión en los hechos bien alegados para lograr una mejor definición de la controversia trabada en las alegaciones".

**B**

Nuestro ordenamiento jurídico promueve el interés de que todo litigante tenga su día en corte. Esta postura responde al principio fundamental y política judicial de que los casos se ventilen en sus méritos y se resuelvan de forma justa, rápida y económica. Regla 1 de Procedimiento Civil, 32 LPRA Ap. V, R. 1; *Banco Popular*

*v. S.LG. Negrón*, 164 DPR 855, 874 (2005); *Rivera et al. v. Superior Pkg., Inc. et al.*, 132 DPR 115, 124 (1992); *Amaro González v. First Fed. Savs.*, 132 DPR 1042, 1052 (1993). No obstante, nuestro ordenamiento permite la presentación de mociones dispositivas con el propósito de que todos o algunos de los asuntos en controversia sean resueltos sin necesidad de un juicio en su fondo. Los tribunales tienen el poder discrecional, bajo las Reglas de Procedimiento Civil, de desestimar una demanda o eliminar las alegaciones de una parte, sin embargo, ese proceder se debe ejercer juiciosa y apropiadamente. *Maldonado v. Srio. de Rec. Naturales,* 113 DPR 494, 498 (1982). Es decir, la desestimación de un pleito constituye el último recurso al cual se debe acudir. *S.L.G. Sierra v. Rodríguez*, 163 DPR 738 (2005).

La moción de desestimación bajo la Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2, es aquella que formula la parte demandada antes de presentar su alegación responsiva, mediante la cual solicita que se desestime la demanda presentada en su contra. *Aut. Tierras v. Moreno & Ruiz Dev. Corp.*, 174 DPR 409, 428 (2008); *Colón v. Lotería*, 167 DPR 625, 649 (2006). Dicho petitorio deberá basarse en uno de los siguientes fundamentos: (1) falta de jurisdicción sobre la materia; (2) falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; (5) dejar de exponer una reclamación que justifique la concesión de un remedio; y (6) dejar de acumular una parte indispensable. 32 LPRA Ap. V, R. 10.2; *Díaz Vázquez y otros v. Colón Peña y otros*, 2024 TSPR 113, resuelto el 25 de octubre de 2024; *Inmobiliaria Baleares, LLC y otros v. Benabe González y otros*, 2024 TSPR 112, resuelto el 21 de octubre de 2024; *Rivera Candela y otra v. Universal Insurance Company*, 2024 TSPR 99, resuelto el 11 de septiembre de 2024; *Blassino Alvarado y otro v. Reyes Blassino y otro*, 2024 TSPR 93, resuelto el 20 de agosto de

2024; *Costas Elena y otros v. Magic Sport y otros*, 2024 TSPR 13, 213 DPR ___ (2024); *Cobra Acquisitions v. Mun. Yabucoa et al.*, 210 DPR 384 (2022); *Conde Cruz v. Resto Rodríguez et al.*, 205 DPR 1043, 1065-1066 (2020).

Al resolver una moción de desestimación bajo el inciso 5 de la Regla 10.2 de Procedimiento Civil, *supra*, el tribunal tomará como ciertos todos los hechos bien alegados en la demanda, que hayan sido aseverados de manera clara y concluyente, y que de su faz no den margen a dudas. *Díaz Vázquez y otros v. Colón Peña y otros*, supra; *Inmobiliaria Baleares, LLC y otros v. Benabe González y otros*, supra; *Rivera Candela y otra v. Universal Insurance Company*, supra; *Blassino Alvarado y otro v. Reyes Blassino y otro*, supra; *Costas Elena y otros v. Magic Sport y otros*, supra; *Eagle Security v. Efrón Dorado et al.*, 211 DPR 70 (2023); *Casillas Carrasquillo v. ELA*, 209 DPR 240 (2022); *Cruz Pérez v. Roldán Rodríguez et al.*, 206 DPR 261, 267 (2021). Asimismo, tales alegaciones hay que interpretarlas conjuntamente, liberalmente, y de la manera más favorable posible para la parte demandante. *Íd.*; *Aut. Tierras v. Moreno & Ruiz Dev. Corp.*, supra, págs. 428-429; *Dorante v. Wrangler of P.R.*, 145 DPR 408, 414 (1998). En vista de ello, la desestimación procedería únicamente cuando de los hechos alegados no podía concederse remedio alguno a favor de la parte demandante. *Colón Rivera et al. v. ELA*, 189 DPR 1033, 1049 (2013), citando a R. Hernández Colón, *Derecho Procesal Civil*, 4ta ed., San Juan, Ed. Lexis-Nexis, 2007, pág. 231. Tampoco procede la desestimación si la demanda es susceptible de ser enmendada. *Aut. Tierras v. Moreno & Ruiz Dev. Corp.*, supra, pág. 429. En otras palabras, se debe considerar, "si a la luz de la situación más favorable al demandante, y resolviendo toda duda a favor de éste, la demanda es suficiente para constituir una reclamación válida". *Díaz Vázquez y otros v. Colón Peña y otros*, supra; *Pressure Vessels P.R. v. Empire Gas P.R.*, 137 DPR 497

(1994); *Unisys v. Ramallo Brothers*, 128 DPR 842 (1991). Ahora bien, si tras este análisis el tribunal aún entiende que no se cumple con el estándar de plausibilidad, entonces debe desestimar la demanda, pues no puede permitir que proceda una demanda insuficiente bajo el pretexto de que se podrán probar las alegaciones conclusorias con el descubrimiento de prueba. *Costas Elena y otros v. Magic Sport y otros,* supra.

### c

La Regla 44.1 de Procedimiento Civil de 2009, 32 LPRA Ap. V, R. 44.1, establece lo referente a la concesión de costas y honorarios de abogado(a) a favor de una parte. Específicamente, la citada regla les permite a los tribunales imponer el pago de una suma por concepto de honorarios de abogado(a) a una parte que actúa con temeridad durante el proceso judicial. *SLG González-Figueroa v. SLG et al.,* 209 DPR 138 (2022). A esos efectos, el inciso (d) de la precitada regla dispone lo siguiente:

> (d) *Honorarios de abogado[(a)].*—En caso [de] que cualquier parte o su abogado o abogada haya procedido con temeridad o frivolidad, el tribunal deberá imponerle en su sentencia al responsable el pago de una suma por concepto de honorarios de abogado[(a)] que el tribunal entienda correspondan a tal conducta [...].

El Tribunal Supremo de Puerto Rico ha definido el concepto *temeridad* como la actuación terca, obstinada, contumaz y sin fundamentos de un litigante que obliga a la otra parte innecesariamente a asumir las molestias, gastos, trabajo e inconvenientes de un pleito. *SLG González-Figueroa v. SLG et al.,* supra. La conducta temeraria es una actitud que se proyecta sobre el procedimiento y afecta el buen funcionamiento y administración de la justicia. *Íd.*

La determinación de temeridad es un asunto discrecional de los tribunales de primera instancia. *SLG González-Figueroa v. SLG et al.,* supra. Los tribunales apelativos solo pueden intervenir

cuando el foro de origen se excede en el ejercicio de discreción. *Íd.* El requisito de la existencia de una actuación temeraria hace que la Regla 44.1 de Procedimiento Civil de 2009, *supra,* tenga el propósito de penalizar o sancionar a la parte que incurre en la conducta proscrita por dicha regla. *Íd.* No obstante, el nuestro más Alto Foro ha relevado del pago de honorarios de abogado(a) a litigantes que pierden un pleito donde hubo controversias fácticas reales que requerían el examen de la prueba testifical y documental. *Santos Bermúdez v. Texaco P.R., Inc.*, 123 DPR 351, 357-358 (1989).

**D**

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021). Ahora bien, tal discreción no opera en lo abstracto. Con respecto a lo anterior y para revisar los dictámenes interlocutorios del Tribunal de Primera Instancia, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone, en su parte pertinente, lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

> [. . .]

Según se desprende de la citada Regla, este foro apelativo intermedio podrá revisar órdenes interlocutorias discrecionalmente, cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia o que revistan interés público, o en aquellas circunstancias en las que revisar el dictamen evitaría un irremediable fracaso de la justicia, entre otras contadas excepciones.

A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, dispone los criterios a considerar para ejercer sabia y prudentemente su decisión de atender o no las controversias ante sí. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96-97 (2008). Véase, además, *BPPR v. SLG Gómez-López*, 2023 TSPR 145, 213 DPR ___ (2023); *Rivera et al. v. Arcos Dorados et al.*, supra; *Pueblo v. Rivera Montalvo*, 205 DPR 352, 372 (2020). Así, la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, funge como complemento a la Regla 52.1 de Procedimiento Civil, *supra. Torres González v. Zaragoza Meléndez*, supra. La precitada Regla dispone lo siguiente:

> El [T]ribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

Sin embargo, ninguno de los mencionados criterios es determinante, por sí solo, para este ejercicio y no constituye una lista exhaustiva. *García v. Padró*, 165 DPR 324, 335 esc. 15 (2005). Por lo que, de los factores esbozados "se deduce que el foro apelativo intermedio evaluará tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada; esto, para determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio". *Torres Martínez v. Torres Ghigliotty*, supra, pág. 97. (Énfasis omitido).

Nuestro Tribunal Supremo ha expresado también que, de ordinario, el tribunal revisor "no intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial". *Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992), citando a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). Véase, además, *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

Esbozada la norma jurídica, procedemos a aplicarla al recurso antes nos.

**III**

La parte apelante sostiene en su primer señalamiento de error que el Tribunal de Primera Instancia incidió al desestimar la causa de acción de epígrafe en cuanto al licenciado Asencio Quiles, por

concluir que las alegaciones allí esbozadas no exponen una reclamación que justifique la concesión de un remedio. Ello, sin observar el estándar de prueba aplicable a las mociones de desestimación presentadas al amparo de la Regla 10.2(5) de Procedimiento Civil, *supra.*

Hemos examinado cuidadosamente el trámite procesal, los escritos de las partes, así como la normativa aplicable y concluimos que el foro *a quo* no incidió al desestimar la causa de acción en contra del licenciado Asencio Quiles. Nos explicamos.

Según reseñáramos, el inciso (5) de la Regla 10.2 de Procedimiento Civil, *supra*, permite que la parte demandada presente una moción de desestimación levantando como defensa que la demanda incoada en su contra deja de exponer una reclamación que justifique la concesión de un remedio. Al resolver este tipo de moción dispositiva bajo dicho fundamento, se tomarán como ciertos todos los hechos bien alegados en la demanda y que hayan sido aseverados de manera clara y concluyente; y que de su faz no den margen a dudas. Dichas alegaciones deben contener una relación sucinta y sencilla de los hechos y la solicitud del remedio. Ello sin perder de vista el criterio de plausibilidad, el cual exhorta a eliminar de la demanda aquellas alegaciones conclusorias que no deben presumirse como ciertas. Asimismo, tales alegaciones se interpretarán conjuntamente, liberalmente y de la forma más favorable posible para la parte demandante. La demanda no deberá desestimarse, a menos que se demuestre que la parte demandante no tiene derecho a remedio alguno, bajo cualesquiera hechos que pueda probar. Tampoco procede la desestimación, si la demanda es susceptible de ser enmendada.

Al evaluar las alegaciones contenidas en la *Demanda* de epígrafe, concluimos que estas no superan los criterios establecidos en las Reglas 6.1 y 10.2(5) de Procedimiento Civil, *supra,* según

discutidos previamente. Luego de entender sobre las alegaciones esbozadas en la acción de epígrafe, colegimos que estas carecen de especificidad que puedan dar base a una posible reclamación que justifique la concesión de un remedio. Conforme a lo resuelto por el Tribunal de Primera Instancia, de los hechos alegados en la acción de autos no puede inferirse que el licenciado Asencio Quiles incurriera en conducta que pueda justificar los remedios solicitados, sino que se trata de alegaciones conclusorias y especulativas. A ello se le añade que la parte apelante solicitó enmendar su *Demanda* en dos ocasiones y, aun cuando tuvo oportunidad de añadir alegaciones que justificaran la concesión de un remedio en cuanto al mencionado abogado, solo se limitó a especificar que el licenciado Asencio Quiles y la licenciada Biaggi García, junto al Bufete que manejan, eran los abogados personales de Victoire, así como reiterar que Singh no tiene relación alguna con los licenciados, ni con el Bufete. En atención a lo anterior, concluimos que el foro primario no incidió al declarar Ha Lugar la solicitud de desestimación promovida por el licenciado Asensio Quiles, por lo que no se cometió el error señalado.

Como segundo señalamiento de error, la parte apelante plantea que el foro primario erró al imponerle honorarios de abogado por temeridad. En específico, sostiene que sus alegaciones no son frívolas, sino que están fundamentadas en derecho y también pueden ser demostradas con prueba luego de un descubrimiento de prueba liberal, así como la celebración de un juicio en su fondo. Arguye que el foro apelado basó su dictamen en el archivo de la queja presentada ante el Tribunal Supremo de Puerto Rico, aun cuando tal hecho es incorrecto, ya que la queja sigue pendiente de adjudicación ante el Foro de última instancia.

Tal como reseñáramos, la imposición de honorarios de abogado recae en la sana discreción del tribunal sentenciador. En

ese sentido, los Tribunales apelativos solo pueden intervenir cuando se demuestre que el foro de origen abusó de su discreción. En el caso de autos, la parte apelante no ha demostrado que el Tribunal de Primera Instancia abusó de su facultad discrecional de imponer honorarios de abogado por temeridad, por lo que no nos ha colocado en posición de alterar la referida determinación. Por consiguiente, el segundo señalamiento de error no se cometió.

En virtud de lo anterior, colegimos que el Tribunal de Primera Instancia no erró al emitir la *Sentencia Parcial* a favor del licenciado Asencio Quiles. En fin, al evaluar concienzuda y ponderadamente los eventos procesales al palio de la normativa jurídica antes esbozada, coincidimos con la determinación del foro primario.

En su tercer y último señalamiento de error, la parte apelante alega que el foro de origen incidió al ignorar su petición a los efectos de que aclare qué información es confidencial en el caso de autos. En particular, alega que aún desconoce qué puede aseverar o qué no en sus escritos, por lo que se encuentra en un estado de indefensión al desconocer qué se puede interpretar como confidencial y, de esa forma, estar expuesto a incurrir en desacato y sujeto a sanciones.

Luego de revisar la totalidad del expediente, en cuanto a lo reclamado en el tercer señalamiento de error sobre la *Orden* emitida por el foro sentenciador el 10 de julio de 2024, entendemos que estamos ante una determinación interlocutoria post-sentencia, por lo que acogemos dicho error como un auto de *certiorari*.

Después de un examen sosegado del expediente ante nos, colegimos que no existe criterio jurídico que amerite nuestra intervención con lo resuelto por el Tribunal de Primera Instancia en la *Orden* del 10 de julio de 2024. Al entender sobre los planteamientos que la parte apelante propone ante este Foro, concluimos que la sala de origen no incurrió en error de derecho ni

en abuso de discreción al declarar No Ha Lugar por academicidad la moción marcada como confidencial, promovida por la parte apelada, ello a fin de que podamos soslayar la norma de abstención judicial que, en dictámenes como el de autos, regula el ejercicio de nuestras funciones.

Al evaluar los documentos que obran en autos y en el Sistema Unificado de Manejo y Administración de Casos, concluimos que nuestra intervención no resulta oportuna. Siendo así, y en ausencia de prueba que nos permita resolver en contrario, denegamos expedir el auto de *certiorari* en cuanto al tercer error señalado, al amparo de lo dispuesto en la Regla 52.1 de Procedimiento Civil, *supra*, y la Regla 40 de nuestro Reglamento, *supra*.

**IV**

Por las razones que anteceden, confirmamos el dictamen apelado.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones